# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 9:00-cr-08075-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEAN FRANCOIS,

    Defendant.
_____/

### ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP ACT

The case comes before the Court on Defendant Jean Francois's Motion to Reduce Sentence Pursuant to Section 404 of the First Step Act [DE 178]. The Court has considered the Motion, the Government's Response thereto [DE 184], Defendant's Reply [DE 185], and the record.

In December 2000, a jury found Defendant guilty of conspiracy to possess with intent to distribute at least 50 grams of cocaine base ("Count 1"), possession with intent to distribute at least 5 grams of cocaine base ("Count 2"), distribution of at least 5 grams of cocaine base ("Count 3"), possession with intent to distribute at least 50 grams of cocaine base ("Count 4"), and distribution of at least 50 grams of cocaine base ("Count 5"). DE 80. He was sentenced in March 2001.

The sentencing Court determined that Defendant was a career offender and that he had at least one prior conviction of a felony drug offense. Under the law in effect at that time, his statutory sentence for Counts 1, 4, and 5 was 20 years' to life imprisonment, and his statutory sentence for Counts 2 and 3 was 10 years' to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A), (B) (2000). He was subject to a term of supervised release of at least 10 years and a maximum fine of $8,000,000 for Counts 1, 4, and 5. *Id.* § 841(b)(1)(A). He was subject to a term of supervised release of at

least 8 years and a maximum fine of $4,000,000 for Counts 2 and 3. *Id.* § 841(b)(1)(B). His guideline range was 360 months' to life imprisonment. The Court imposed a sentence of 360 months' imprisonment, with 10 years' supervised release for Counts 1, 4, and 5 and 8 years' supervised release for Counts 2 and 3. DE 95 at 3-4. The Court did not impose a fine. *Id.* at 6.

Congress subsequently passed the Fair Sentencing Act of 2010 to reduce the disparity in the treatment of cocaine base and powder cocaine offenses. *Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013); *see* Pub. L. No. 111-220, 124 Stat. 2372 (increasing the quantities of cocaine base that are required to be sentenced under 21 U.S.C. § 841(b)(1)(A) and (B)). The Fair Sentencing Act did not apply retroactively until Congress passed the First Step Act of 2018. *See* Pub. L. No. 115-391, 132 Stat. 5194. Under § 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* A court is not required to reduce a sentence under § 404. *Id.* Moreover, a sentence may not be reduced if the sentence was previously imposed or reduced in accordance with the Fair Sentencing Act or if the defendant made a previous motion for a sentence reduction under § 404 of the First Step Act that was denied on the merits. *Id.*

Relevant to this case, the Fair Sentencing Act increased the drug quantity needed to be sentenced under 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams of a substance containing cocaine base and increased the drug quantity needed to be sentenced under 21 U.S.C. § 841(b)(1)(B) from 5 grams to 28 grams of a substance containing cocaine base. *See* Pub. L. No. 111-220, 124 Stat. 2372. A defendant being sentenced for at least 28 grams but less than 280 grams of cocaine base, with at least one prior conviction of a felony drug offense, is subject to a

term of imprisonment of between 10 years' and life imprisonment, a term of supervised release of at least 8 years, and a maximum fine of $4,000,000.  21 U.S.C. § 841(b)(1)(B).  A defendant being sentenced for less than 28 grams of cocaine base, with at least one prior conviction of a felony drug offense, is subject to a sentence of not more than 30 years' imprisonment, a term of supervised release of at least 6 years, and a maximum fine of $2,000,000.  *Id.* § 841(b)(1)(C).  In addition, a defendant who qualifies as a career offender and has a statutory maximum of life imprisonment has an offense level of 37, a criminal history category of VI, and a guideline range of 360 months to life.  *See* U.S.S.G. § 4B1.1(b).

Defendant now moves for a reduced sentence under the First Step Act.  DE 178.  His sentence was not previously imposed or reduced in accordance with the Fair Sentencing Act, and he has made no other motion for a sentence reduction under the First Step Act.  He requests that his sentence be reduced to time served.  The Government concedes that he is eligible for a reduction of his sentence and that the Court has the discretion to modify his sentence.  DE 184.

The Court agrees with the parties that Defendant is eligible for a reduction of his sentence under the First Step Act.  For Counts 1, 4, and 5, he is subject to a term of imprisonment of between 10 years' and life imprisonment, a term of supervised release of at least 8 years, and a maximum fine of $4,000,000.  21 U.S.C. § 841(b)(1)(B).  For Counts 2 and 3, he is subject to a sentence of not more than 30 years' imprisonment, a term of supervised release of at least 6 years, and a maximum fine of $2,000,000.  *Id.* § 841(b)(1)(C).  His guideline range is 360 months' to life imprisonment.  *See* U.S.S.G. § 4B1.1(b).

It is hereby **ORDERED AND ADJUDGED**:

1. Defendant is eligible for a reduction of sentence under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

2. This matter is set for a hearing on **October 22, 2019, at 1:00 p.m.**, for the Court to determine whether, and by how much, to reduce Defendant's sentence.

3. By **October 15, 2019**, the parties shall submit any further written material that they wish the Court to consider for the hearing.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of September, 2019.

*/s/ Robin L. Rosenberg*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record